SCOTT BONAGOFSKY (SBN 190255)
scott@bw-lawyers.com
Attorney at Law
111 Deerwood Road, Suite 200
San Ramon, CA 94583
Telephone: (925) 831-4835
Facsimile: (866) 568-3517

ROBERT K. JENNER, ESQ. (Pro Hac Vice)
Rjenner@myadvocates.com
BRIAN KETTERER, ESQ. (Pro Hac Vice)
Bketterer@myadvocates.com
KENNETH M. SUGGS, ESQ. (Pro Hac Vice)
Ksuggs@myadvocates.com
**JANET, JENNER & SUGGS, LLC**
1777 Reisterstown Road, Suite 165
Baltimore, Maryland 21208
Telephone: (410) 653-3200
Facsimile: (410) 653-6903

Attorneys for Plaintiff-Relators MICHAEL RUHE, VICENTE CATALA, and KRISTINE SERWITZ

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES, ex rel. MICHAEL RUHE, KRISTINE SERWITZ, and VICENTE CATALA,<br><br>Plaintiffs,<br><br>vs.<br><br>MASIMO CORPORATION, and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.:  CV 10-08169-CJC(VBKx)<br><br>**PLAINTIFF-RELATORS' MOTION FOR LEAVE OF COURT TO SUBMIT EXPERT REPORT 19 DAYS AFTER DISCLOSURE DATE RESULTING FROM MASIMO WITHHOLDING MARKETING AND SALES EVIDENCE NEEDED TO COMPLETE REPORTS; REQUEST FOR SANCTIONS**<br><br>**Hearing Date: September 16, 2013<br>Time: 1:30 pm<br>Judge: Cormac J. Carney** |

1

**PLAINTIFF-RELATORS' MOTION FOR LEAVE OF COURT TO SUBMIT EXPERT REPORT 19 DAYS AFTER DISCLOSURE DATE RESULTING FROM MASIMO WITHHOLDING EVIDENCE NEEDED TO COMPLETE REPORTS AND REQUEST FOR SANCTIONS**

## NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT

This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on Monday, August 5, 2013. Plaintiff-Relators hereby give notice and move for Leave of Court to submit the expert report of Danielle N. Atkins, PhD and W. David Bradford, PhD 19 days after the disclosure date and seek sanctions for Defense counsel's conduct that necessitated this Motion.

## PLAINTIFF-RELATORS' MOTION FOR LEAVE OF COURT TO SUBMIT EXPERT REPORT 19 DAYS AFTER DISCLOSURE DATE RESULTING FROM MASIMO WITHHOLDING EVIDENCE NEEDED TO COMPLETE REPORTS AND REQUEST FOR SANCTIONS

Plaintiff-Relators move this Court, pursuant to Fed. R. Civ. P. 37(c)(1) to permit Plaintiff-Relators to submit their expert report 19 days past the FRCP 26(a)(2)(D)(i) expert disclosure deadline.  Pursuant to Rule 37(c)(1), Plaintiff-Relators should be permitted "to supply [the expert] evidence on a motion, at a hearing, or at a trial" because the delay was substantially justified and harmless.

The delay in producing the expert report at issue regarding economic harms suffered by the United States government was caused substantially because Defendant withheld, and continues to withhold, sales and marketing evidence, at all times relevant to this action and within its immediate control, showing sales to government entities with actual dollar amounts tied to specific transactional data. This evidence was and is material to Plaintiff-Relators' expert's ability to produce the reports.

Despite Masimo's failure to respond with the requested specificity as to sales data, Plaintiff-Relators have obtained documents from other, governmental entities showing some of the governmental harms suffered.  These documents, to the extent they have been received thus far, are attached as exhibits to the

accompanying Memorandum of Law. As a result of Masimo's refusal to provide compliant responses to timely served discovery requests, there exists substantial justification for Plaintiff-Relators' producing their damages expert report a mere 19 days after the FRCP 26 expert report deadline, where such reports rely primarily upon documents that had to be obtained directly from government entities by way of subpoenas duces tecum.

Defendants are and have always been in possession of their own sales documentation for sales made to the various government entities and have always had a chance to calculate the potential harms caused by their wrongful conduct in violation of the Federal False Claims Act, 31 U.S.C. section 3729, from their own documents, or in the case of Medicare billing information on the CPT Code 88738 that is exclusive to Masimo SpHb devices, from a timely request to the federal government. Plaintiff-Relators made such timely requests, and Masimo did not, and Plaintiff-Relators produced these documents to Masimo when they became available.

The delay is harmless. In response to Plaintiff-Relators' request for leave to submit an expert report on damages to the government after the FRCP 26 deadline, Defendant submitted to Plaintiff-Relators a letter that presented several speculative harms Masimo may suffer resulting from the delay. Masimo did not address the fact that it has always had its sales data in this letter and that it has always had at least equal to, if not superior, access to any governmental reimbursement data that is publicly available, as it has always had a keen understanding of how its devices are billed to the government. In this motion, Plaintiff-Relators address the hypothetical harms Masimo cited with authority from the Ninth Circuit showing that exclusion of Plaintiff-Relators' expert is not appropriate and is not in the interests of justice under these circumstances.

Plaintiff-Relators are still (i.e., daily) obtaining evidence from the various government entities showing the full scope of Masimo's harms caused through its

3

**PLAINTIFF-RELATORS' MOTION FOR LEAVE OF COURT TO SUBMIT EXPERT REPORT 19 DAYS AFTER DISCLOSURE DATE RESULTING FROM MASIMO WITHHOLDING EVIDENCE NEEDED TO COMPLETE REPORTS AND REQUEST FOR SANCTIONS**

unlawful marketing of the SpHb devices. The series of third-party subpoenas duces tecum to these government entities was scheduled for production prior to the close of discovery. Unfortunately, production on these subpoenas was not completed by various responding parties due to understandable delays on the part of these already-burdened responding government entities.

These government entities are providing what can only be described as full cooperation under the circumstances in responding to the subpoenas that would have been unnecessary had Masimo provided compliant, non-evasive discovery responses, but the documents in many cases are coming in well after the close of discovery. If Masimo had provided compliant discovery responses, instead of burying Plaintiff-Relators in meritless objections and late, uncategorized, electronic "document production" consisting of thousands of pages with no indication of which documents responded to which requests and no useful responses to a direct interrogatory, it would have been unnecessary to obtain most, if not all, of the evidence concerning equipment sales to government entities by way of direct subpoena. That is not what happened here, however.

As a consequence of Masimo's conduct, Plaintiff-Relators request that Masimo be precluded from raising any objections to damages evidence Plaintiff-Relators will be able to produce by the time of trial, but are unable to produce as yet or at the times prescribed by L.R. 16-2, 16-4, and 16-7, where such delays resulted from Defendant's refusal to produce timely requested evidence when due. Plaintiff-Relators will commit to providing Masimo with all documents obtained from these government entities as soon as reasonably practicable after they come into counsel's possession.

WHEREFORE, for the foregoing reasons and those more fully set forth in the following Memorandum of Law and accompanying exhibits and declarations, Plaintiff-Relators respectfully request that the instant Motion be granted.

**PLAINTIFF-RELATORS' MOTION FOR LEAVE OF COURT TO SUBMIT EXPERT REPORT 19 DAYS AFTER DISCLOSURE DATE RESULTING FROM MASIMO WITHHOLDING EVIDENCE NEEDED TO COMPLETE REPORTS AND REQUEST FOR SANCTIONS**

1  Dated: August 19, 2013                      Respectfully submitted,

2

3

4                                                                   */s/ Scott Bonagofsky*
                                                                   SCOTT BONAGOFSKY
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF-RELATORS' MOTION FOR LEAVE OF COURT TO SUBMIT EXPERT REPORT 19 DAYS AFTER DISCLOSURE DATE RESULTING FROM MASIMO WITHHOLDING EVIDENCE NEEDED TO COMPLETE REPORTS AND REQUEST FOR SANCTIONS**